UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., # 200273, | ) | C/A No. 5:15-cv-00485-DCN-KDW |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Warden Tim Riley; DHO Turner; SGT. Connors; Captain Barry Tucker; LT. Laverne Lavigne; Director William Byars, and Nurse Avinger, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

Billy Lee Lisenby, Jr. ("Plaintiff") is a prisoner in the South Carolina Department of Corrections ("SCDC") system. He is currently incarcerated at Lieber Correctional Institution. In the Complaint under initial review, Plaintiff contends that his federal constitutional rights were violated when he was convicted of a prison disciplinary charge of trafficking and/or use or possession of narcotics on February 11, 2013. Compl. 2, ECF No. 1; ECF No. 1-1 at 2. The date of the incident on which the charge was based was January 31, 2013. ECF No. 1-1 at 2. Plaintiff

alleges that his constitutional rights were violated by the procedures used in connection with the disciplinary hearing, particularly by the fact that the hearing was held in Plaintiff's absence. *Id*. at 3-5. Plaintiff alleges that part of the sanctions entered against him for the disciplinary conviction was the loss of 30 days of good-time credits. ECF No. 1-1 at 2; *see also* SCDC website, http://public.doc.state.sc.us/scdc-public/ (last consulted Mar. 9, 2015) (indicating that sanction was imposed). Plaintiff names several SCDC officials and employees as Defendants, ECF Nos. 1 at 1; 1-1 at 1, and asks this court to award him compensatory and punitive damages "from each of the defendants." ECF No. 1-1 at 6. He also requests expunction of the disputed disciplinary conviction and other injunctive relief. *Id*. at 6-7. Plaintiff indicates that he completed Steps 1 and 2 of the SCDC inmate grievance process with regard to this disciplinary conviction, *id*. at 2; *see also* Compl. 2, ECF No. 1, but he does not state that he appealed the conviction to any South Carolina state court.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). *Cf. Muhammad v. Close,* 540 U.S. 749, 755 (2004) (§ 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction). In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Court confirmed the applicability of the holdings of *Heck* and *Preiser* to challenges to prison disciplinary procedures under which forfeited good-time credits may be restored. Referencing both *Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997), and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
>          . . . .

> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought – restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release – was available in habeas.

544 U.S. at 82, 86 (citations omitted); *see, e.g., Cabbagestalk v. Hardin*, No. 5:13–cv–2974–RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008), *aff'd*, 308 F. App'x 692 (4th Cir. 2009) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated.").

In addition to his request for damages, Plaintiff seeks injunctive relief that "the 903: The TraFFicking and/or USE of possession of Narcotics be expunged from his record" and an order to SCDC to "investigate this entire case and advise plaintiff of the findings." ECF No. 1-1 at 6. Even though Plaintiff does not specifically ask for his 30 days of good-time credits to be restored, if this court were to grant the relief requested: vacating or overturning the disciplinary conviction, the result would require restoration of the 30 days of good-time credits that were taken as part of the sanction. By doing so, the duration of the state criminal sentence that Plaintiff is serving would, necessarily, be affected by the restoration because application of the restored good-time credits would shorten the sentence by 30 days. As instructed by the United States Supreme Court in *Heck*, *Preiser*, and *Wilkinson*, such a result would "necessarily imply the invalidity of the [disciplinary] conviction" and, thus, cannot be obtained under § 1983 until the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512

U.S. at 486-87; *see Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

The requested injunctive relief of expunction of the disciplinary conviction and the resulting restoration of the 30 days of accrued good-time credits taken as a sanction may only be obtained from this court through a habeas corpus action pursuant to 28 U.S.C. § 2254 once Plaintiff has fully exhausted his state-court remedies with regard to the disputed disciplinary conviction. The requested damages may only be obtained after the disciplinary conviction is overturned or otherwise invalidated by South Carolina state courts or by this court through its habeas jurisdiction. Because Plaintiff has not yet been successful in his efforts to overturn the February 11, 2013 disciplinary conviction through the SCDC administrative remedy process or through the South Carolina state courts, the Complaint under review fails to state a plausible § 1983 claim or any other non-habeas federal civil rights claim against any Defendant.

In one of his prior cases, this court informed Plaintiff that this result was required if he attempted to obtain restoration of good-time credits through a civil rights complaint: *Lisenby v. Riley*, Civil Action No. 5:14-3670-DCN (Report and Recommendation, ECF No. 10). Nevertheless, nearly four months later, Plaintiff filed the Complaint now under review in which the same defects are present. Plaintiff was previously informed of the applicable law in this area, the legal defects in this Complaint cannot be corrected through amendment, and Plaintiff's Complaint is frivolous.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *with prejudice*. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this case be deemed a strike for purposes of the three-strikes rule because of its frivolity and failure to state a plausible claim. 28 U.S.C. § 1915(g); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *see Blakely v. Wards*, No. 11-6945, 2013 WL 5718441 (4th Cir. Oct. 22, 2013).

IT IS SO RECOMMENDED.

March 20, 2015  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).